IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JOHN DOE, WILLIAM MICHAEL "MIKE" CROTHERS, AND PETER "PETE" MULDOON<br><br>　　Plaintiffs,<br><br>　　v.<br><br>TETON COUNTY BOARD OF COUNTY COMMISSIONERS, MATT CARR in his individual and official capacity as Teton County Sheriff, ERIN WEISMAN in her individual and official capacity as Teton County and Prosecuting Attorney, and BRETON BOMMER, DAVID HODGES, CLAYTON PLATT, ANDREW ROUNDY, CLARK ALLAN, AND RICHARD ROES, in their individual capacities,<br><br>　　Defendants. | § § § § § § § § § § § § § § § § § § § §　CASE NO. 22-CV-00028-NDF<br>　JURY TRIAL DEMANDED |

### PLAINTIFF JOHN DOE'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

COME NOW Plaintiff John Doe ("Doe"), by and through his attorneys, and pursuant to Local Rule 5.1(g), files this Motion for Leave to File to Documents Under Seal in the Original Action for damages filed by Plaintiffs' Doe, William Michael "Mike" Crothers ("Crothers"), and Peter "Pete" Muldoon's ("Muldoon") (together, "Plaintiffs") against Defendants Teton County Board of County Commissioners ("Teton County"), Matt Carr, Erin Weisman, Breton Bommer, David Hodges, Clayton Platt, Andrew Roundy, Clark Allan, and RICHARD ROES (together, "Defendants"). Doe specifically requests that this Court authorize him to file his Motion to Proceed Under Pseudonym (the "Motion") under seal. In support of this request, Doe respectfully alleges and shows the Court as follows:

## ARGUMENT & AUTHORITIES

The Federal Rules of Civil Procedure require that all pleadings contain the name of the parties. *See* Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a). These rules serve to protect the public's interest in knowing the facts involved, including the identities of the parties. *See M.M. v. Zavaras*, 139 F.3d 798, 799-801 (10th Cir. 1998). But these rules are not absolute. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). When highly sensitive and important privacy interests are at stake, Courts may permit a plaintiff to file under seal or to proceed anonymously. *See Doe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 414-17 (10th Cir. 1982); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461-62 (10th Cir. 1980) ("It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession."). In determining whether to permit any such anonymity, Courts must determine whether the plaintiff's claimed privacy interests outweigh the public interest in knowing the plaintiff's identity or the prejudice to the defendants should the plaintiff be allowed to proceed under pseudonym. *Zavaras*, 139 F.3d at 799-801; *Crystal Grower's*, 616 F.2d at 461.

Here, Doe seeks leave to file his Motion to Proceed Under Pseudonym under seal to preserve the very relief requested in the Motion. Indeed, forcing Doe to file his Motion to Proceed Under Pseudonym in the public record would effectively force Doe to forfeit his requested relief—to remain anonymous in this proceeding—before this Court has even had the chance to evaluate the merits. That is because Doe's Motion specifically addresses the highly sensitive and important privacy interests that justify permitting him to proceed anonymously—including the allegations concerning the extremely sensitive matter of sexual assault and the fact that Doe, as well as many of those involved in Doe's case, were minors at the time the accusations were made—along with the damages that will inevitably occur should his identity be disclosed. Doe also addresses the

public interest and the lack of prejudice to Defendants should Doe be permitted to proceed anonymously. The discussion shows that Doe's privacy interests (along with the privacy interests of others intimately involved in Doe's case) outweigh the public interest in disclosing Doe's identity.

Because of the extremely sensitive nature of the allegations and the important privacy interests at stake here, this Court should authorize Doe to file his Motion under seal. Allowing Doe to file under seal will preserve the very interests outlined in the Motion until the Court has had the opportunity to fully evaluate the merits. Moreover, allowing Doe to file the Motion under seal has little downside. Should the Court reach a contrary decision on the merits of the Motion, the Court can simply issue an unsealing order. The minimal delay will have little to no prejudicial effect compared to the important interests that will be preserved and protected should the Court subsequently grant Doe's Motion.

## CONCLUSION

For these reasons, the Plaintiff respectfully request that this Court grant Plaintiff's Motion to File Documents Under Seal.

Dated: May 13, 2022                           Respectfully submitted,


By :*/s/ Rex Mann*

    Thomas Fleener, Wyo. State Bar #6-3747
    tom@fleenerlaw.com
    FLEENER PETERSEN, LLC
    506 S. 8th St.
    Laramie, WY 82070
    (307) 460-4333

    Rex Mann – Admitted *pro hac vice*
    Texas Bar No. 24075509
    rmann@winston.com
    Dylan French – Admitted *pro hac vice*
    dfrench@winston.com
    WINSTON & STRAWN LLP
    2121 N. Pearl St., Suite 900
    Dallas, Texas 75201
    Telephone:  214-453-6500
    Telecopy:   214-453-6400

    Of counsel: Professor Sheldon H. Nahmod
    1301 N. Dearborn St. #1206
    Chicago, Illinois 60610
    Email: snahmod@kentlaw.edu
    Phone (cell): 312-485-9599

    *Counsel for Plaintiffs*


## CERTIFICATE OF CONFERENCE

Plaintiff has conferred with the various attorneys representing the various Defendants. Two of the three attorneys representing the majority of the Defendants object to this motion. The other Defendants have not stated their position.

    */s/ Tom Fleener*
    Tom Fleener

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on counsel of record via ECF on this 13th day of May as follows:

Thomas A. Thompson
MacPherson & Thompson, LLC
P.O. Box 999
616 W. Buffalo
Rawlins, WY 82301
Tel: (307) 324-2713
tthompson@wyomingattorneys.net

*Counsel for Defendants Teton County Board of County Commissioners and Matt Carr, in his official capacity*

John D. Bowers
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Tel: (307) 885-1111
john@1000.legal

*Counsel for Defendants Erin Weisman, Clark Allan, and Teton County and Prosecuting Attorney's Office*

Timothy W. Miller, Wyo. State Bar # 5-2704
Senior Assistant Attorney General
Richard A. Ramos, Wyo. State Bar # 8-6785
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
Tel: (307) 777-5820
tim.miller@wyo.gov
richard.ramos@wyo.gov

*Counsel for Defendants Breton Bommer, David Hodges, Clayton Platt, Andrew Roundy, and Matt Carr, in their individual capacities*

*/s/ Dylan French*
Dylan French