IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



FILED

3:33 pm, 9/2/22

**Margaret Botkins
Clerk of Court**

| | |
|---|---|
| WILLIAM MICHAEL CROTHERS et al., <br><br> Plaintiffs, <br><br> vs. <br><br> TETON COUNTY BOARD OF COUNTY COMMISSIONERS, et al., <br><br> Defendants. | Case No.  22-CV-028-NDF |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on *Defendants' Motion to Dismiss Plaintiff "John Doe"* for failing to file suit under his real name.  ECF 40.  In a separate order, the Court denied Plaintiff John Doe's motion to proceed under a pseudonym and ordered him to amend the complaint with his real name or be dismissed from the case.  ECF  67.  Because Plaintiff Robert Charles Rosen has now filed under his real name, the Court DENIES the motion to dismiss.  ECF 71.

In the *Order Denying John Doe's Motion to Proceed under a Pseudonym*, the Court agreed with Defendant's contention that the Federal Rules for Civil Procedure 10(a) and 17(a) require Plaintiff to file under his real name.  ECF 67.  We now address Defendant's argument, quoting *W.N.J. v. Yocom,* that "[w]hen a party wishes to file a case anonymously

or under a pseudonym, it must *first* petition the district court for permission to do so." ECF 40; *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (emphasis added).

The Court is persuaded by the district courts in this circuit that have constrained *Yocom*'s "permission-first" requirement as dicta and limited *Yocom* to circumstances where "no permission to proceed pseudonymously was sought or granted from the district court before an appeal was filed." *Doe v. Weber State Univ.*, No. 1:20-cv-00054-TC-DAO, 2021 U.S. Dist. LEXIS 210538, at *5 (D. Utah 2021) (citing *Geico Gen. Ins. Co. v. M.O.*, No. 21-2164-DDC-ADM, 2021 U.S. Dist. LEXIS 187843, at *14 (D. Kan. 2021); *see also Farmington Municipal Schools,* No. CV 21-103 SCY/KK, 2021 U.S. Dist. LEXIS 70813, 2021 WL 1390777, at *1 (D.N.M. 2021); *But cf. M.A.C. v. Gildner,* 853 F. App'x 207, 210 (10th Cir. 2021) (unpublished) (upholding the district court's *sua sponte* dismissal of the complaint filed under plaintiff's initials for lack of subject-matter jurisdiction).

The Tenth Circuit's controlling precedent in *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs* ("*NCBA*") holds that proceeding anonymously, absent the Court's permission, amounts to a jurisdictional defect. 886 F.2d 1240, 1245 (10th Cir. 1989).[1] "Such permission might properly be obtained after the complaint is filed." *Weber*,

---

[1] In *Gildner*, the Court resisted a challenge to *NCBA* because a current Tenth Circuit panel cannot overrule precedent set by a prior Tenth Circuit panel. *M.A.C. v. Gildner*, 853 F. App'x 207, 210 (10th Cir. 2021). *See also In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) ("[w]e are bound by the precedent of prior panels absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court). It is worth noting, however, that the Fourth Circuit in *B.R. v. F.C.S.B* held that the jurisdictional aspect of *NCBA*'s holding did not survive *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, (1998)). *See B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021) ("we conclude that [NCBA] represents the kind of 'drive-by jurisdictional ruling[] of [the] sort' that was more common before Supreme Court decisions like *Steel Company* made clear that the term subject-matter jurisdiction means 'the courts' statutory or constitutional power to adjudicate the case'") (citing 523 U.S. at 89, 91) (Scalia J.). *See also U.S. v. Spaulding*, 802 F.3d 1110, 1119-20 (10th Cir. 2015) ("[t]he various provisions of the Federal Rules do not ordinarily implicate subject matter jurisdiction") (citing *Kontrick v. Ryan*, 540 U.S. 443, 453, (2004)); *U.S. v. McGaughy*, 670 F.3d 1149, 1156 (10th Cir. 2012) ("to be jurisdictional, the restriction on the court's authority not only must be specified by Congress—it must also express a clear Congressional intent to be jurisdictional").

2021 U.S. Dist. Lexis 210538 at *5 (citing *Farmington Municipal Schools*, 2021 U.S. Dist. LEXIS 70813 at *1).  "A motion for leave to proceed under pseudonym 'set[s] in motion the proper procedure to ensure the district court's jurisdiction.'  The court's order on such motion, coupled with any subsequent compliance required by the party, 'remed[ies] any jurisdictional defect that previously existed.'" *Weber*, 2021 U.S. Dist. LEXIS 210538, at *5 (citing *Geico*, 2021 U.S. Dist. LEXIS 187843, at *14-17).

In this case, Plaintiff Rosen has complied with this Court's order and has now filed suit under his real name.  Accordingly, the matter is completely and properly before the Court and the Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED this  2nd  day of September, 2022.

_____
NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE

---

Nevertheless, this Court is bound by *NCBA* and does not reach the issue because the Plaintiff has cured any potential jurisdictional defect.  ECF 71.