

**FILED**

**Margaret Botkins**
**Clerk of Court**

3:34 pm, 11/23/22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

WILLIAM MICHAEL CROTHERS *et al.*,

Plaintiffs,

vs.

TETON COUNTY BOARD OF COUNTY
COMMISSIONERS *et al.*,

Defendants.

Case No.  22-CV-28-NDF

ORDER DENYING MOTION TO COMPEL THE DEPOSITION TESTIMONY OF
THOMAS FLEENER, DEVON PETERSEN, AND KELSEY FLEENER [81]

Before the Court is Defendants' Motion to Compel Deposition Testimony. [ECF No. 81]. Defendants Erin Weisman, Clark Allan, and the Teton County Prosecuting Office filed the instant Motion requesting the Court's approval to subpoena and depose non-parties: Thomas Fleener, Devon Petersen, and Kelsey Fleener. The Fleeners and Petersen were part of the legal teams representing Plaintiffs Rosen and Crothers in their underlying criminal cases and T. Fleener represents Plaintiffs in the current case. Defendants filed a supplement containing deposition testimony and trial excerpts for the Court to consider in ruling on the present Motion. [ECF No. 89]. Plaintiffs oppose the request and point to several factors why Defendants' Motion fails, including the lack of following proper procedure. [ECF Nos. 90, 93, & 103].

The Court, having carefully consider the filings and being fully advised, finds Defendants failed to follow the Federal Rules of Civil Procedure and the request is inconsistent with Tenth Circuit case law, therefore the Motion is DENIED.

## BACKGROUND

On August 31, 2022, Plaintiffs Robert Charles Rosen, William Michael Crothers, and Peter Muldoon filed their Second Amended Complaint claiming violations of their constitutional rights under 42 U.S.C.A. § 1983 along with other state claims. [ECF No. 71 at 7]. The Complaint named Erin Weisman, Clark Allan, the Teton County Prosecuting Office, and other specifically named individuals as Defendants.[1] Plaintiffs claim the Defendants collectively pursued sexual assault investigations, vexatious prosecution, and violations of Plaintiffs' rights to privacy due in part to the wealth of Plaintiffs and political differences.

In the Motion, Defendants argue that Crothers is attempting to circumvent the deposition process by hiding behind the attorney-client privilege. [ECF No. 81]. The exhibit from Crothers's deposition, includes Crothers's verbal reliance on his conversations with his own counsel and "the record," when asked about specific claims against individual defendants. [ECF No. 81-1 at 3–6]. The questions cover allegations of witness tampering, waiver of the attorney-client privilege, emails or conversations between Allan and T. Fleener, news coverage of Crothers's criminal case, and the assumption of Crothers's wealth. *Id*. at 3–11. As to Exhibits 81-2 and 81-3, it is unclear what value the criminal trial transcript of the direct and cross of Haldeman provide for the Court's determination of the instant Motion, therefore the Court is disregarding those exhibits as superfluous. [ECF Nos. 81-2 & 81-3]; *see also* Local Rule 7.1(c)(2).

Defendants' supplement to the Motion include the following exhibits: (1) Plaintiffs' expert's analysis of both prosecution decisions of Crothers's underlying criminal case and information from interviewing K. Fleener about communication with Allan;[2] (2) portions of the

---

[1] As of October 6, 2022, the case against the Teton County Board of County Commissioners is dismissed via stipulation of the parties and order issued by Senior District Judge Nancy D. Freudenthal. [ECF Nos. 82 & 83].
[2] [ECF No. 89-1].

2

deposition transcript of Defendant, Sheriff Carr,[3] with T. Fleener as the questioner; and (3) one page from Crothers's criminal trial transcript with defense counsel referring to immunity of witnesses.[4]

> Defendants pose the following questions to the Fleeners and Peterson:
>
>> 1. What evidentiary disclosures were made to the Plaintiffs' criminal defense attorneys by the prosecutors[?]
>> 2. What statements, if any, were made by the prosecutors to the criminal defense attorneys[?]
>> 3. What motions were filed by the criminal defense attorneys in defending the case and what motions were not filed by the criminal defense attorneys in the underlying criminal case[?]
>> 4. What information was provided to the criminal defense attorneys in relation to alleged immunity agreements[?]
>> 5. What redactions were made by the criminal defense attorneys to protect confidential information to be [sic] obtained by the press[?]
>> 6. What actions, if any, were taken by the criminal defense team to protect the identity of the Plaintiffs during the criminal prosecution[?][5]

In Plaintiffs' Response, they offer the opportunity to subpoena and depose K. Fleener. [ECF Nos. 90 at 4 & 93 at 2]. Plaintiffs note the communications at issue can be handled differently than proposed by Defendants. [ECF No. 90 at 3–4]. Plaintiffs' argument is twofold: (1) procedurally, the Motion violates Rule 45 since Defendants did not subpoena the Fleeners or Peterson; and (2) Defendants fail to meet the Tenth Circuit's criteria to depose opposing counsel. *Id.* at 2.

Attached to Plaintiffs' response is correspondence from Allan to T. Fleener. [ECF No. 90-1]. The correspondence addresses reasons why the prosecution objected to a continuance of Crothers's underlying criminal trial date, including the statement, "I hear every day about all the problems stirring around in the [h]igh [s]chool driven mostly by bullying and pressure

---

[3] [ECF No. 89-2].
[4] [ECF No. 89-3].
[5] [ECF No. 81 at 7].

tactics originated by [Crothers's] children." *Id*. Allan continues with, "So far, I have not heard of anything criminal[,] but I would like [to] get the trial over [with] for the sake of the high school." *Id*. Plaintiffs' second exhibit is an affidavit prepared by T. Fleener for Crothers's appeal of his underlying criminal case, currently active in state court. [ECF No. 90-2]. The affidavit covers what prosecutors provided or did not provide in discovery regarding agreements or immunity to witnesses in Crothers's underlying criminal case. *Id.* at 2–6.

Plaintiffs' response to the supplement includes further argument opposing the Motion and a longer iteration of the exhibit Defendants provide in [ECF No. 89-3], the transcript of defense's opening in Crothers's underlying criminal trial. [ECF No. 93-1]. Furthermore, Plaintiffs provide additional exhibits in [ECF No. 103], after being granted leave of court to file the sealed exhibits. *See* [ECF No. 101]. The provided exhibits are excerpts from the deposition of Allan. [ECF Nos. 103-1 & 103-2].

### RULING OF THE COURT

***Federal Rules of Civil Procedure – Depositions and Subpoenas***

Any person is subject to depositions without leave of court subject to limited exceptions. Fed. R. Civ. P. 30. "A deponent's attendance may be compelled by subpoena under Rule 45." *Id.* "The scope of discovery through a subpoena is the same as the scope of discovery under the Federal Rules." *Black Card LLC v. Visa USA Inc.*, No. 15-CV-27-S, 2019 U.S. Dist. LEXIS 242489, at *26–27 (D. Wyo. Dec. 2, 2019).

The requirements of subpoenas are listed in Rule 45 and provide for the issuing court, who may issue a subpoena, and what information to include. There are no requirements by the Federal Rules or Local Rules that require the court's leave prior to issuance of a subpoena for a non-party individual, like the current scenario. Fed. R. Civ. P. 30. "To the extent a party wants to subpoena

an individual of its choice for a deposition, it must do so . . . without leave of court." *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 953 (10th Cir. 2004) (internal citations omitted) (amended on other grounds by *Cummings v. GMC*, 2004 U.S. App. LEXIS 10782 (10th Cir. 2004)). If a party wants the court to force participation, a subpoena must be issued giving proper notice of the party's intention to depose. *See* Fed. R. Civ. P. 30; *Trial Laws. Coll. v. Gerry Spences Trial Laws. Coll.*, No. 1:20-CV-00080-JMC-GJF, 2022 U.S. Dist. LEXIS 116424 (D. Wyo. June 29, 2022) (reviewing the procedural process of moving to compel after a subpoena has been issued); *see also McKinney v. Granite Peak Fabrication, LLC*, No. 2021 WL 7252981, at *2 (D. Wyo. Aug. 24, 2021) (motions to compel assume the party seeking compliance served a subpoena following Rule 45).

In the instant case, it is unclear whether Defendants have subpoenaed Peterson or the Fleeners. Without a subpoena or proper notice being given, the Court will not compel an action until the proper procedures are followed. Plaintiffs have made it clear to Defendants that there is no objection to deposing K. Fleener. Review of the exhibits indicates that K. Fleener has the same information as T. Fleener regarding interactions with Allan. Following the proper procedural rules, once a subpoena is issued to K. Fleener and if she does not appear as summoned, then a motion to compel is the proper avenue to enforce attendance.

***Deposing Counsel***

This Court continues its analysis in the event Defendants have subpoenaed all the non-parties name in the Motion. When a party wants to depose opposing counsel, the Tenth Circuit follows the rule set out in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1112 (10th Cir. 2001). There are "limited [] circumstances where [a] party [may] seek[] to take the deposition" of opposing counsel. *Id*. The

party must show that: "(1) no [other] means exist to obtain the information other than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial[ and vital] to the preparation of the case." *Id.*; *see also Van Dam v. Town of Guernsey*, 2021 U.S. Dist. LEXIS 141219, at *11 (D. Wyo. Mar. 12, 2021); *Frontier Ref. v. Gorman-Rupp Co.*, 136 F.3d 695, 701 (10th Cir. 1998) (For attorney-client information, parties are limited to vital information where the "information is available from no other source."). All three prongs must be answered in the affirmative before opposing counsel may be deposed.

### OTHER MEANS EXIST

The exhibits provided from all parties indicate the span of resources available to Defendants for answers to their proposed questions. For example, an accurate account of the filings in the underlying case could easily be provided by state court records and the state's docket report.[6] Discovery logs by each party are generally an administrative process and involve legal assistants or other support staff.[7] Plaintiffs have made it clear, there is no objection to Defendants deposing non-party, K. Fleener, if she is properly subpoenaed. Furthermore, the questions proposed are generalized to the point that K. Fleener, with her involvement as support staff in the underlying criminal matters, is more than likely able to answer the questions posed without impeding on the attorney-client relationship.

The Court is unconvinced by Defendants' reasons to depose Peterson and T. Fleener and finds there are other available means to gather the information the Defendants want. Therefore, prong one fails.

---

[6] QUESITON 3. "What motions were filed by the criminal defense attorneys in defending the case and what motions were not filed by the criminal defense attorneys in the underlying criminal case[?]"
[7] QUESITON "1. What evidentiary disclosures were made to the Plaintiffs' criminal defense attorneys by the prosecutors; . . . 4. What information was provided to the criminal defense attorneys in relation to alleged immunity agreements[?]"

### INFORMATION RELEVANT, BUT NOT VITAL

Despite prong one missing, the Court will continue its analysis of the second and third prongs of the *Shelton* test, relevancy and vitalness, respectively. *Shelton*, 805 F.2d at 1327; *Thiessen*, 267 F.3d at 1112. The Court finds the relevancy prong is satisfied, yet the critical and vital requirement is not supported by the record.

When parties disagree about the need or relevancy of specific discovery, the determination is turned over to the court. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188-1189 (10th Cir. 2009). "[A]ctual scope of discovery should be determined according to the reasonable needs of the action." *Id*. at 1189; *see also Black Card LLC*, 2019 U.S. Dist. LEXIS 242489, at *26-27; *Reibert v. CSAA Fire & Cas. Ins. Co.*, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018) (Explaining the 2015 Amendments to Rule 26, with emphasis on the broad scope of relevance for discovery purposes and the removal of using subject matter, claim, or defense as the analysis).

A court has an "affirmative duty . . . to exercise the authority conferred by the[ ] rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." *Cooper Tire*, 568 F.3d at 1188 (citing Fed. R. Civ. P. 1 advisory committee's note (1993)). For civil litigation to resolve fairly and efficiently, it is essential for both parties to know all the relevant facts. *Prager v. Campbell Cnty. Mem'l Hosp.*, 2013 U.S. App. LEXIS 17806, at *18-26 (10th Cir. Aug. 12, 2013) (citing *Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980)) (reviewing the factors for determining prejudice or surprise); *see also Hickman v. Taylor*, 329 U.S. 495, 506 (1947) (explaining the indispensable need for both parties to have full knowledge of all relevant facts).

Pursuant to Rule 26,

> [T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

> claim or defense and proportional to the needs of the case, [1] considering the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26. (b)(1). Even though the standard for discovery is broad when determining relevancy, that scope is not without its limitations. *See Reibert*, 2018 U.S. Dist. LEXIS 860, at *9.

The initial question is whether the discovery sought, T. Fleener and Peterson's deposition testimony, is relevant to any party's claim or defense. This Court's review of the questions posed indicate the discovery would be relevant to the claims against Defendants and potential defenses. This Court will not conduct a full-blown analysis of each of the six proposed questions in the Motion, rather, it is the relevancy of those questions in general. As this case involves claims of prosecutorial misconduct, constitutional and privacy violations, and vexatious law enforcement investigations, the questions fall within the scope of Plaintiffs' claims and Defendants' defenses.

The next question is whether the information falls within one of the common-law privileged arenas. Here, two doctrines would potentially be at issue, work-product doctrine and attorney-client privilege. When using privilege as a protection against discovery, the party asserting the privilege must establish the privilege applies. *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984) (citing to *In re Grand Jury Proceedings (Dorokee Co.)*, 697 F.2d 277, 279 (10th Cir. 1983) (burden on party asserting a privilege)). However, since no subpoena has been issued, any privilege issue is unsettled until a subpoena is issued to counsel, and then counsel choses to raise that issue. The Court finds the second prong of the *Shelton* test is satisfied as to the information being relevant and tentatively nonprivileged.

The third prong of the *Shelton* test requires the party wanting the information to show the court how critical and vital the information is to their case. The information must be so critical that

it is unavailable by any other means. *Frontier Ref.*, 136 F.3d at 701; *but see Chopra v. Townsend, Townsend & Crew LLP*, 2008 U.S. Dist. LEXIS 86043, at *8 (D. Colo. Oct. 2, 2008) ("(3) the information is crucial to the preparation of the case[,]" further citing to Fed. R. Civ. P. 26(b)(3) as the criteria for documents and other tangibles prepared by counsel). As the Court notes in the first prong's discussion, the information is obtainable by other means. Additionally, Plaintiffs indicate that K. Fleener is a potential witness for their case and, although Plaintiffs cannot speak for K. Fleener, they do not object to Defendants deposing her through subpoena. The Court is not persuaded that the information is so vitally critical to the defense that it requires the taking of opposing counsel's deposition.

If Defendants are unable to obtain answers to their questions from other resources and have followed the proper procedure to depose K. Fleener, then the Court may entertain a limited scope of questions. The proposed questions in the Motion may be better answered through interrogatories versus deposing opposing counsel. That choice, however, is left to counsel for the parties.

## CONCLUSION

Based on the reasoning above, IT IS HEREBY ORDERED that the Motion to Compel is DENIED without prejudice.

Dated this 23rd day of November, 2022.

KELLY H. RANKIN
United States Magistrate Judge